UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

PATRICIA CAPREZ,

    Plaintiff,

v.

RIGHT STEP, INC.;
REBECCA FITCH,
Individually and as
agent for Right Step, Inc.,

    Defendants.

COMPLAINT
Case Number:

Plaintiff, Patricia Caprez through her attorneys, Alan C. Olson & Associates, s.c., by Alan C. Olson, alleges in this Complaint as follows:

**NATURE OF THE CASE**

1. Plaintiff, Patricia Caprez ("Caprez"), alleges that Defendants, Right Step, Inc. ("RSI"), and Rebecca Fitch ("Fitch") violated the Family and Medical Leave Act of 1993, ("FMLA") [29 U.S.C. § 2601, *et. seq.*] by interfering with her right to take FMLA leave and terminating her employment because of her FMLA-protected absences due to a serious medical condition. Caprez raises supplemental claims for breach of contract, non-payment of wages, and wrongful discharge.

**JURISDICTION AND VENUE**

2. Jurisdiction over Caprez's claims under the Family and Medical Leave Act of 1993, [29 U.S.C. § 2601, *et. seq.*] is conferred on this Court by 29 U.S.C. § 2617(a)(2).

3.  The Eastern District of Wisconsin is the proper federal venue for this action pursuant to 28 U.S.C. § 1391, because RSI resides in the Eastern District and its unlawful actions occurred in the Eastern District.

4.  Supplemental jurisdiction over Caprez's claims pursuant to Chapter 109 of the Wisconsin Statutes for non-payment of wages, breach of contract, and wrongful discharge is conferred on this court by 28 U.S.C. § 1367.

## CONDITIONS PRECEDENT

5.  All conditions precedent to this action within the meaning of Rule 9(c), Fed.R.Civ.Pro., have been performed or have otherwise occurred.

## JURY DEMAND

6.  Caprez demands that her case be tried to a jury of her peers.

## PARTIES

7.  Plaintiff, Caprez, is an adult who resides at 1035 San Jose Dr., Elm Grove WI 53122.

8.  Defendant, RSI, is a non-profit corporation organized and existing under the laws of the State of Wisconsin, to operate a Milwaukee Parental Choice School, with its principal place of business at 8684 N. 76th Pl, Milwaukee WI 53223.

9.  Defendant, Fitch, is an adult who resides at 3717 S. Pine St., Milwaukee, WI 53207.

## OPERATIVE FACTS

10. Caprez was employed by RSI in the capacity of Business Manager during the time period of September 2006 to November 30, 2015.

11. Caprez worked more than 1,250 hours during the relevant time period.

12. Caprez was diagnosed with cancer on July 22, 2015.

13. On or about August 2, 2015, Caprez informed RSI and Fitch of her cancer diagnosis.

14. Shortly after her diagnosis, Caprez underwent surgery for her cancer that prohibited her from working until August 10, 2015.

15. On or about September 1, 2015, Caprez entered a written employment contract with RSI for the term of September 1, 2015 through June 30, 2016, at a monthly salary of $6,617. A true and correct copy of the contract is annexed hereto as Exhibit A.

16. RSI contributed $50,000 to Caprez's 401(k) account for 2014/15 and expected to contribute an additional $50,000 during her term of September 1, 2015 through June 30, 2016.

17. Caprez was required to accept the terms of RSI's Employee Handbook, which provided in pertinent part that, "Right Step, Inc. complies with [sic] Family and the [sic] Medical Leave Act (FMLA) with documentation of need."

18. Caprez began chemotherapy after surgery which she continued during the relevant time period herein.

19. Caprez provided to RSI all relevant information about her medical condition and leave, including medical excuses.

20. Caprez performed her job to the reasonable expectations of RSI and she received favorable performance evaluations from her supervisor.

21. Caprez was eligible for the FMLA's protections.

22. RSI was covered by the FMLA.

23. Caprez was entitled to leave under the FMLA.

24. Caprez provided sufficient notice of her intent to take leave.

25. At all times relevant hereto, Fitch controlled in whole or in part Caprez's ability to take a leave of absence and return to her position.

26. At all times relevant hereto, Fitch was capable of impeding or denying Caprez's ability to exercise her statutorily protected right to leave under the FMLA.

27. At all times relevant hereto, Fitch was acting directly or indirectly in the interest of RSI in relation to Caprez.

28. In granting Caprez intermittent leave, RSI affirmatively represented to Caprez that she was eligible for leave under the FMLA.

29. RSI and Fitch took materially adverse actions against Caprez by terminating her employment on November 24, 2015 because Caprez exercised her rights protected under the FMLA.

### FIRST CLAIM FOR RELIEF
### FMLA INTERFERENCE §2615(A)(1)

34. As and for a first claim for relief, Ms. Caprez re-asserts the allegations recited above and fully incorporated those paragraphs herein by reference.

35. RSI and Fitch deprived Ms. Caprez of FMLA entitlement in violation of 29 U.S.C. § 2615(a)(1) on the basis that she was eligible for the FMLA's protections, RSI was covered by the FMLA, Ms. Caprez was entitled to leave under the FMLA, she provided sufficient notice of her intent to take FMLA-qualifying leave, and RSI and Fitch denied her FMLA benefits to which she was entitled.

36. The allegations more particularly described above regarding the intentional discriminatory practices of RSI and Fitch, were not made with good faith or reasonable grounds

for believing that the conduct did not violate the Family Medical Leave Act of 1993, [29 U.S.C. § 2601, *et. seq.*].

37. The allegations more particularly described above caused Ms. Caprez wage loss, benefits loss, and expenses, all to her damage.

## SECOND CLAIM FOR RELIEF
## FMLA RETALIATION §2615(a)(2)

38. As and for a second claim for relief, Ms. Caprez re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

39. RSI and Fitch violated 29 U.S.C. § 2615(a)(2) by taking the materially adverse actions of terminating her on account of her activity protected by the FMLA.

40. The allegations more particularly described above regarding the intentional discriminatory practices of RSI and Fitch, were not made with good faith or reasonable grounds for believing that the conduct did not violate the Family Medical Leave Act of 1993, [29 U.S.C. § 2601, *et. seq.*].

41. The allegations more particularly described above caused Ms. Caprez wage loss, benefits loss, and expenses, all to her damage.

## THIRD CLAIM FOR RELIEF
## NON-PAYMENT OF WAGES §109.03

42. As and for a third claim for relief, Caprez re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

43. RSI violated §§ 109.03; and 109.11, Wis. Stats. by failing to pay Caprez's earned wages.

44. The allegations more particularly described above caused Caprez wage loss.

## FOURTH CLAIM FOR RELIEF
## BREACH OF CONTRACT

45. As and for a fourth claim for relief, Caprez re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

46. RSI breached Caprez's Agreement by failing to pay Caprez's contractual wages.

47. The allegations more particularly described above caused Caprez a loss of contractual wages.

WHEREFORE plaintiff demands relief as follows:

a. damages equal to the amount of wages, employment benefits, and other compensation denied or lost by reason of the FMLA violation pursuant to 29 U.S.C. § 2617;

b. the interest on said damages calculated at the prevailing rate pursuant to 29 U.S.C. § 2617;

c. equitable relief as may be appropriate, including employment, reinstatement, and promotion pursuant to 29 U.S.C. § 2617;

d. a reasonable attorney's fee pursuant to 29 U.S.C. § 2617;

e. reasonable expert witness fees pursuant to 29 U.S.C. § 2617;

f. costs of the action pursuant to 29 U.S.C. § 2617;

g. an additional amount as liquidated damages equal to the sum of damages and interest pursuant to 29 U.S.C. § 2617;

h. damages for unpaid wages pursuant to §§109.03; and, 109.11, Wis. Stats.;

i. costs, disbursements, and attorney fees reasonably incurred in prosecuting plaintiff's wage claim pursuant to §§109.03; and, 109.11, Wis. Stats.;

j. increased wages pursuant to §§109.11, Wis. Stats.;

k. a lien upon all property of the defendant's, real or personal, located in Wisconsin for the full amount of the plaintiff's wage claim pursuant to §109.09, Wis. Stats.;

l.  unpaid wages and consequential damages, as a result the defendant's breach of contract; and

m.  such other relief as the court deems just and equitable.

Dated this 16th day of June, 2016.

s/Alan C. Olson
Alan C. Olson, SBN: 1008953
Attorney for Plaintiff
Alan C. Olson & Associates, S.C.
2880 S. Moorland Rd.
New Berlin, WI 53151
Telephone: (262) 785-9606
Fax: (262) 785-1324
Email: AOlson@Employee-Advocates.com

# Right Step, Inc.

Business Manager

Patricia M. Caprez

Start Date: September 1, 2015

End Date: June 30, 2016

Description: Under the directives and supervision of Director, coordinate business office activities including accounts payable/receivable using the Quickbook accounting system. Assist in the administration and business operations of Right Step Inc. with emphasis on, but not limited to maintaining the financial accounting of Right Step Inc.

Salary: Seventy-nine Thousand Four Hundred and no/100 Dollars

I understand that my checks will be issued on the 15 and last business day of the month and paid over 12 months.

Signature: *[signed]* Patricia M. Caprez

P. O. Box 13248
Milwaukee, WI 53213-0248
(414) 354-5479
Fax: (414) 354-5528

EXHIBIT A