

# ALAN OLSON
## ATTORNEYS FOR EMPLOYEE RIGHTS

January 3, 2017

*VIA* MAIL AND *FAX* [414.231.9810]

Patrick C. Brennan, Esq.
Brennan Law Offices LLC
1110 N. Old World 3rd Street, Suite 200
Milwaukee, WI 53203-1119

    Re:   <u>Patricia Caprez v. Right Step, Inc.; Rebecca Fitch</u>
            Case No. 16-735

Dear Atty. Brennan:

    Enclosed is *Plaintiff's January 3, 2017 Requests for Production of Documents, Interrogatories, and Requests to Admit to Defendants*. Please let me know if you have any questions or concerns. Thank you.

                                   Sincerely,

                                   Nicholas M. McLeod
                                   NMcLeod@Employee-Advocates.com

ec:   Pat Caprez
       John Arranz, Esq.

**EXHIBIT A**

2880 South Moorland Road
New Berlin, WI 53151-3744
Employee-Advocates.com
Phone: 262.785.9606
Fax: 262.785.1324

Case 2:16-cv-00735-PP   Filed 02/27/17   Page 1 of 20   Document 15-1

# Alan C. Olson & Associates, S.C.

Attorneys for Employee Rights
2880 S. Moorland Road
New Berlin, WI 53151-3744
Phone: 262.785.9606
Fax: 262.785.1324
www.Employee-Advocates.com

## Fax Transmittal

TO: Patrick C. Brennan, Esq.  
      Brennan Law Offices, LLC

DATE: January 3, 2017

FAX: (414) 231.9810

FROM: Nicholas M. McLeod, Esq.  
        Alan C. Olson & Associates, S.C.

No. of pages: 19  
(including this cover sheet)

---

This *fax* transmission is intended for the use of the person to whom it is addressed. It may contain information that is confidential, privileged or otherwise exempt from disclosure. If you are not the intended recipient or the person authorized to deliver this *fax* to the intended recipient, you are hereby notified that any dissemination of this *fax* is prohibited. If you have received this *fax* in error, please notify us immediately by telephone and return the original *fax* to us by first class mail at the above address.

```
TRANSACTION REPORT
                                    JAN/03/2017/TUE 03:13 PM
FAX(TX)
 #   DATE    START T.  RECEIVER      COM.TIME  PAGE  TYPE/NOTE         FILE
001  JAN/03  03:11PM   14142319810   0:02:34   19    MEMORY    OK   SG3 2926
```

# Alan C. Olson & Associates, S.C.
### Attorneys for Employee Rights
2880 S. Moorland Road
New Berlin, WI 53151-3744
Phone: 262.785.9606
Fax: 262.785.1324
www.Employee-Advocates.com

## Fax Transmittal

TO:     Patrick C. Brennan, Esq.          DATE: January 3, 2017
         Brennan Law Offices, LLC

FAX:    (414) 231.9810

FROM: Nicholas M. McLeod, Esq.       No. of pages: 19
         Alan C. Olson & Associates, S.C.     (including this cover sheet)

This *fax* transmission is intended for the use of the person to whom it is addressed. It may contain information that is confidential, privileged or otherwise exempt from disclosure. If you are not the intended recipient or the person authorized to deliver this *fax* to the intended recipient, you are hereby notified that any dissemination of this *fax* is prohibited. If you have received this *fax* in error, please notify us immediately by telephone and return the original *fax* to us by first class mail at the above address.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

PATRICIA CAPREZ,

    Plaintiff,

v.                                                                Case Number: 16-735

RIGHT STEP, INC.;
REBECCA FITCH,
Individually and as
agent for Right Step, Inc.,

    Defendants.

## PLAINTIFF'S JANUARY 3, 2017 REQUESTS FOR PRODUCTION OF DOCUMENTS, INTERROGATORIES, AND REQUESTS TO ADMIT TO DEFENDANTS

Plaintiff, Patricia Caprez, through her attorneys, Alan C. Olson & Associates, S.C., by Nicholas M. McLeod, makes the following discovery requests to the Defendants, Right Step, Inc. ("RSI") and Rebecca Fitch.

### DEFINITIONS AND INSTRUCTIONS

For the purposes of these Requests for Admission, Document Requests and Interrogatories, the following definitions and instructions apply:

1.     Respond to each interrogatory and request for production of documents separately and fully, in writing and under oath, unless it is objected to, in which event the reason for the objection must be stated in lieu of or in addition to a response.

2.     These requests for production of documents and interrogatories are deemed to be continuing in nature, and should you, your counsel, or anyone representing your interests become aware of or acquire any additional knowledge which affects the accuracy or completeness of any

answer or which relates to the matters into which these interrogatories inquire, it is hereby demanded that such knowledge be immediately transmitted to the undersigned attorneys by way of supplemental answers.

3. In responding to requests for production of documents, you are required to furnish all information available to you or subject to reasonable inquiry by you, including information in the possession of you, your attorneys, advisors or other persons, directly or indirectly employed by or connected with you and your attorneys, and anyone else otherwise subject to your control.

4. The term "document" means any written or graphic matter, however produced or reproduced, of any kind or description, including originals, marked copies and drafts and both sides thereof, and including, but not limited to, correspondence, letters, telegrams, cables, telex messages, memoranda, notes and notations, note papers, interoffice and interdepartmental communications, transcripts, notes and minutes of telephone and other conversations, or of conferences or directors meetings, or of committee meetings, books, pamphlets, periodicals, press clippings, or articles, requisitions, resolutions, certificates, opinions, reports, studies, analyses, evaluations, contracts, licenses, agreements, financial statements, ledgers, checks, check-stubs, books or records of accounts, credit memoranda, credit files, loan cards, statistical records, tax returns, desk calendars, books, diaries, lists, tabulations, summaries, charts, graphs, maps, surveys, plans, drawings, specifications, sound recordings, photographs, data-storage devices, floppy disks, hard disks, magnetic tapes, optical disks, printouts, microfilms, punch cards, records kept by electronic, photographic or mechanical means or any other computer-readable media and papers and things similar to any of the foregoing, however denominated, by Defendant, its divisions, officers, directors, employees, agents, representatives and anyone acting in its behalf.

5. You may serve copies of all documents to be produced, or you may produce original documents for inspection and copying during regular business hours at the offices of Alan C. Olson & Associates, S.C., within thirty (30) days after service of these requests for production of documents upon you. If you choose to serve or produce copies, they must show information from both sides of originals that have information on two sides.

6. If a request for production of documents or interrogatory has subparts, respond to each subpart separately and in full, and do not limit the answer to the request for production of documents as a whole.

7. If any information called for by any interrogatory or request for production of documents herein is withheld because you claim that such information is contained in a privileged document and/or communication, for each such interrogatory or written document or communication state the date and author of such documents and the location of their present custodian.

8. As used herein, the term "identify", shall mean:

a) When used in reference to a person(s), to state his/her full name and present address and phone number, his/her present or last known business affiliation; the nature of his/her relationship and/or responsibility, and/or duty to Defendant.

b) When used in reference to a document, to state the author, date, and type of document (e.g. report, memorandum, letter, etc.), its title or any other means of identification.

9. You are under a continuing duty to reasonably supplement your responses with respect to any question directly addressed to the identity and location of persons having knowledge of discoverable matters, and the identity of each person expected to be called as an expert witness at trial and the subject matter on which they are expected to testify. You are also

3

Case 2:16-cv-00735-PP    Filed 02/27/17    Page 6 of 20    Document 15-1

under a continuing duty to correct any previously incorrect responses if you later learn that your response was incorrect.

10. The documents requested in the Request for Production of Documents include documents or records in whatever form, including electronic mail and video and audio tape recordings.

11. The term "document properties" includes the following: original author, date created, date last modified, content of modifications, and document URL.

12. An evasive or incomplete response may be deemed to be a failure to answer, and is potentially subject to sanctions under the FRCP.

## GENERAL INSTRUCTIONS FOR ESI PRODUCTION

1. All of the electronically stored information ("ESI") documents requested herein shall be produced in their original native format as they are kept in Defendant's, its agents and/or the witnesses usual course of business. To the extent reasonably possible, the native production shall include and preserve relevant metadata. Production in non-native electronic format, including TIFF or other flat file format, may be made with an accompanying load file containing relevant metadata, if this is reasonable necessary to protect the confidentiality of a particular computer file, or files, including, without limitation, to allow for partial redaction or marking of confidential or privileged information. Advance communications with the undersigned on the ESI production, including, without limitation any planned conversation to TIFF for confidentiality protection purposes, is respectfully requested to coordinate technical issues, ensure that the ESI is produced in a reasonable usable form, and to discuss possible economies of ESI processing that may facilitate the parties securing a just, speedy, and inexpensive determination of this action.

4

Case 2:16-cv-00735-PP   Filed 02/27/17   Page 7 of 20   Document 15-1

2. The ESI documents requested herein shall be produced on "write-once" CDs or DVDs, and clearly marked and labeled with the names of the custodians and date of production.

3. All email produced shall include all of the original attachments, unless it is reasonably necessary to exclude particular attachments for confidentiality or privilege purposes, in which case the exclusions shall be noted in an accompanying log.

4. For any ESI document withheld on the ground of any privilege, identify the basis for the privilege claimed, and the date, author, recipient, and general subject matter of the document.

5. If any ESI document responsive to a request is no longer in your possession or control, state:

    A. The date, author, recipient, and general subject matter of the document;

    B. When you last possessed, examined, received or saw the document;

    C. The person responsible for maintaining the document; and

    D. If destroyed, how, when, where, why, by whom, and at whose instruction or direction the document was destroyed.

6. This Request for Production of ESI documents shall be deemed to be continuing and should be supplemented promptly if any additional ESI documents or information are discovered or become available after the date of production.

**Special Instructions for Facebook collection and production:**

7. Currently within Facebook under the Account>Account Settings Menu on the User's Facebook homepage, there is an option for "Download a copy of your Facebook data." Once the user selects "Start My Archive" and the archive is fully compiled, Facebook will send the user an email containing a link to access the .zip file. When the user accesses the link

5

contained in the email, the user will be directed to Facebook and asked for the user's password. Submitting the password will prompt a download to a .zip file of the user's entire Facebook account, including wall posts, photos, videos, messaging, friend lists and other user profile content. Please produce a copy of the .zip file in electronic form. If any documents are withheld because they contain inherently personal or sensitive information unrelated to Plaintiff's claims in this matter, please identify such documents on an appropriate log.

**Special Instructions for Providing Microsoft Document Properties**

8.  Currently within Microsoft Applications (i.e. Word, Excel, and PowerPoint) every document created and/or maintained in a Microsoft Application contains historical Document Properties identifying, inter alia, the file name, file type, author, creation date, last modification date, last print date, and total number of revisions. For documents created and/or maintained in a Microsoft Application the user shall locate document properties by, selecting the "File" drop down menu and then selecting "Properties." After selecting "Properties" a separate information box will appear with category headings including General, Summary, Statistics, Contents, and Custom. The user shall provide a screen shot of the data maintained under each category heading.

## DOCUMENT REQUESTS

REQUEST NO. 1: All documents, including document properties, contained in file(s) regarding Plaintiff, including but not limited to, resumes, applications, assignments, contracts, interview notes, phone messages, performance evaluations, job descriptions, articles, disciplinary actions, and all records of any kind contained therein.

REQUEST NO. 2: All documents contained in the personnel file(s) of the Plaintiff, whether maintained by the human resources department, separately by management, secretly, confidentially, or otherwise.

REQUEST NO. 3: All performance evaluations for Plaintiff during her employment with RSI.

REQUEST NO. 4: All documents constituting, reflecting, or relating to discipline, coaching, counseling, or corrective action of Plaintiff, whether formal or informal, by RSI.

REQUEST NO. 5: All documents related to Plaintiff's job performance and/or Defendants' evaluation of Plaintiff's job performance.

REQUEST NO. 6: All documents, including, but not limited to, electronic communication with document properties, related to Defendants' communication with Plaintiff regarding her job performance.

REQUEST NO. 7: The job description for each position Plaintiff held with RSI.

REQUEST NO. 8: All documents constituting, reflecting, referencing, or relating to Plaintiff's job duties not included in the job description(s) for each position Plaintiff held with RSI.

REQUEST NO. 9: RSI's employee handbook(s), personnel policies, and personnel procedures applicable to Plaintiff and effective during 2014 and 2015.

7

REQUEST NO. 10: RSI's FMLA and/or any and all other family and/or medical leave policies and procedures effective during 2014 and 2015.

REQUEST NO. 11: All documents, including, but not limited to, electronic communication with document properties, regarding, related to, referencing, or in any way discussing the decision to terminate Plaintiff's employment.

REQUEST NO. 12: All documentation regarding, related to, referencing, or in any way discussing Plaintiff's medical condition and/or treatment from August 2015 through November 2015.

REQUEST NO. 13: All documents, including, but not limited to, electronic communication with document properties, regarding, related to, referencing, or in any way discussing family and/or medical leave available to Plaintiff.

REQUEST NO. 14: All documents, including, but not limited to, electronic communication with document properties, regarding, related to, referencing, or in any way discussing Plaintiff's use of leave for medical, recovery, and/or treatment purposes.

REQUEST NO. 15: All documentation regarding, related to, referencing, or in any way discussing the opinions of expert witnesses and opinion witnesses, including medical experts, that you expect to commission report(s) from and/or use as a witness at a trial in this case.

REQUEST NO. 16: All documentation regarding, related to, referencing, or in any way discussing Plaintiff's request(s) for FMLA and/or any and all other medical leave.

REQUEST NO. 17: The complete personnel file of each employee hired or transferred since Plaintiff last performed work for RSI to fill the last position Plaintiff held with RSI. Plaintiff hereby stipulates to limit the use of such documents for this litigation only.

REQUEST NO. 18: All documents by which the value of Plaintiff's wages paid by RSI may be calculated.

REQUEST NO. 19: All documents by which the value of Plaintiff's benefits provided by RSI may be calculated.

REQUEST NO. 20: All documents created in, or as a result of, this lawsuit.

REQUEST NO. 21: All documents supporting Defendants' defenses to Plaintiff's allegations.

REQUEST NO. 22: All documents not otherwise specifically requested which the Defendants intend to use as exhibits, introduce into evidence at depositions or at any time during discovery or motion practice, or use at hearings or the trial in this matter.

REQUEST NO. 23: All documents relating to each oral and written complaint of FMLA interference and/or retaliation against the Defendants in Wisconsin, from 2006 to present, to an administrative agency, court, or within RSI's structure.

REQUEST NO. 24: All documents supporting each denial, if any, to the Requests for Admissions below.

REQUEST NO. 25: All documents referred to or relied upon to answer the Interrogatories and Requests for Admissions below.

REQUEST NO. 26: All witness statements, draft witness statements, witness statement modifications, witness statement deletions, and witness statement alterations regarding this case.

REQUEST NO. 27: All documents subject to disclosure under FRCP 26(a).

## INTERROGATORIES

INTERROGATORY NO. 1: Identify any job duties of the position(s) held by Plaintiff that do not appear in her job description(s).

INTERROGATORY NO. 2: Describe in detail all policies, practices, and procedures effective during 2014 and 2015 regarding FMLA and/or any and all other family and/or medical leave at RSI.

INTERROGATORY NO. 3: Identify by date, time, place, event, and witnesses, all compliments, comments, counseling, coaching, warnings, discipline, write-ups, and/or guidance provided by Defendant to Plaintiff in 2014 and 2015.

INTERROGATORY NO. 4: Identify by date, time, place, content, and witnesses, each conversation Plaintiff had with management of Defendant regarding her health condition(s), treatment for her health condition(s) and/or her need for leave because of those health condition(s).

INTERROGATORY NO. 5: Identify by date, time, place, event, and witnesses, all communication between Plaintiff and Defendants regarding her job performance.

INTERROGATORY NO. 6: Identify by date, time, place, event, and witnesses, all communication between Plaintiff and Defendants regarding any discipline she received.

INTERROGATORY NO. 7: Identify by date, time, place, content, and witnesses, all communications made by or to Defendants regarding Plaintiff's job performance while employed by RSI.

INTERROGATORY NO. 8: Identify by date, time, place, content, and witnesses, all communications made by or to Defendants regarding Plaintiff's medical condition(s).

INTERROGATORY NO. 9: Identify by date, time, place, event, and witnesses, all communication between Plaintiff and Defendants regarding Plaintiff's medical leave.

INTERROGATORY NO. 10: Identify by date, time, place, event, and witnesses, all facts regarding Plaintiff's request for leave from work.

10

Case 2:16-cv-00735-PP   Filed 02/27/17   Page 13 of 20   Document 15-1

INTERROGATORY NO. 11: Identify by name, address, and telephone number the individuals within RSI who communicated about Plaintiff's request for leave from work.

INTERROGATORY NO. 12: Identify by date, time, place, event, and witnesses, all facts that resulted in the termination of Plaintiff from RSI's employ.

INTERROGATORY NO. 13: Identify the individual(s) who made or had input into the decision to terminate Plaintiff's employment, including the date that decision was made and the person who made the final decision.

INTERROGATORY NO. 14: Identify any and all reason(s) for terminating the Plaintiff's employment.

INTERROGATORY NO. 15: Identify the pay rate and the nature and the amount of any and all benefits awarded to and/or earned by Plaintiff during her employment with RSI.

INTERROGATORY NO. 16: Identify each individual hired or transferred since Plaintiff's termination to fill the last position Plaintiff held with RSI. For each individual, specify:

    a. Name

    b. Date of hire and/or transfer;

    c. The title of the positions they have held in the past 10 years with Defendant and the dates they held these positions;

    d. Home and/or cellular telephone number(s);

    e. Current home address;

    f. Rate of pay and compensation; and,

    g. Whether the individual has requested and/or taken leave under RSI's Family and Medical Leave policy.

INTERROGATORY NO. 17: Identify by name, address, and telephone number all witnesses presently known who have any knowledge of any fact alleged in the Complaint and/or Defendant's Answer. For each witness identified, provide the following:

   a. His or her name, last known address, and telephone number;

   b. The substance of any knowledge possessed or believed to be possessed by each;

   c. Whether he or she has given any statement, written or oral, to Defendants, any person or entity acting on Defendant's behalf, and/or Defendant's attorney(s); and

   d. Where such statements exist, provide a copy of each.

INTERROGATORY NO. 18: Identify by full name, address and telephone number all expert witnesses and opinion witnesses, including medical experts, that you expect to use as a witness at a trial in this case. With respect to each person:

   a. State the subject matter(s) about which each witness is expected to testify and whether the witness will testify as a fact, expert or opinion witness;

   b. State the area of expertise and background (e.g., education, experience, professional affiliations, certifications, publications) of each witness;

   c. Provide a detailed summary of the facts and opinions about which each witness is expected to testify;

   d. State the grounds for each fact or opinion about which each witness is expected to testify;

   e. Identify all documents that support the substance of the facts or opinions about which each witness is expected to testify;

f. Identify the information and documents that were provided to each witness for use in this action;

g. State the dates on which you and/or your attorney met with or consulted each witness; and

h. Identify every document that each witness prepared (or that has been prepared at the direction of the witness) that relate to the facts or opinions about which the witness is expected to testify.

INTERROGATORY NO. 19: For the time period of January 1, 2006 through the present, identify by date, time, place, event, and witnesses, every oral and written complaint of FMLA interference and/or retaliation against the Defendant to an administrative agency, court, or within the Defendant's structure, and for each complaint identified provide the following:

a. Name of the complainant;

b. Summary of the allegations in the complaint; and

c. Name(s) of the employee(s) at Defendant accused of retaliation or interference.

INTERROGATORY NO. 20: Describe in evidentiary detail including dates, places, times, events and witnesses, all facts supporting each of your denials, if any, to Plaintiff's Requests For Admissions below.

INTERROGATORY NO. 21: Identify each individual consulted in creating the answers to these interrogatories and document requests, and identify the specific response for which each individual supplied information.

INTERROGATORY NO. 22: Identify all documents used to answer these Interrogatories.

INTERROGATORY NO. 23: Identify the location of any documents requested in the Document Requests above, which the Defendant knows to exist, but does not currently possess or control.

INTERROGATORY NO. 24: Identify all documents previously, but no longer within Defendant's possession, custody, or control, which, if they had remained within your possession, custody, or control, would have been subject to being identified. To the extent that any documents that Plaintiff has requested to be identified and/or produced as part of this discovery requests are no longer available to be produced by you, supply a full explanation as to why each is not available, when it became unavailable, what happened to it, and who destroyed it or otherwise made it unavailable, and state all that you know about the document(s), including its approximate date, contents, authorship, recipients, if any, and ultimate disposition.

INTERROGATORY NO. 25: Identify all information called upon by FRCP 26(a).

**REQUESTS FOR ADMISSION**

REQUEST NO. 1: RSI employed Plaintiff in the capacity of Business Manager until November 30, 2015.

REQUEST NO. 2: Plaintiff carried out her job duties to the reasonable expectations of RSI.

REQUEST NO. 3: Plaintiff received favorable performance evaluations from RSI's management.

REQUEST NO. 4: Plaintiff worked more than 1,250 hours during the relevant time period.

REQUEST NO. 5: Plaintiff was employed for more than 12 months RSI.

REQUEST NO. 6: RSI management was aware Plaintiff was diagnosed with cancer.

REQUEST NO. 7: Plaintiff's cancer was a serious health condition, as defined by the FMLA.

REQUEST NO. 8: On or about August 2, 2015, Plaintiff informed RSI and Fitch of her cancer diagnosis.

REQUEST NO. 9: Shortly after her diagnosis, Plaintiff underwent surgery for her cancer that prohibited her from working until August 10, 2015.

REQUEST NO. 10: On or about September 1, 2015, Plaintiff entered a written employment contract with RSI for the term of September 1, 2015 through June 30, 2016, at a monthly salary of $6,617.

REQUEST NO. 11: As part of the written employment contract Plaintiff entered with RSI, Plaintiff was required to accept the terms of RSI's Employee Handbook.

REQUEST NO. 12: RSI's Employee Handbook provides in pertinent part that, "Right Step, Inc. complies with [sic] Family and the [sic] Medical Leave Act (FMLA) with documentation of need."

REQUEST NO. 13: RSI affords its employees the protection of the FMLA.

REQUEST NO. 14: Plaintiff began chemotherapy after surgery, which she continued for the duration of her employment at RSI.

REQUEST NO. 15: Plaintiff provided to RSI all relevant information about her medical condition and leave, including medical excuses.

REQUEST NO. 16: RSI contributed $50,000 to Plaintiff's 401(k) account for 2014-2015.

REQUEST NO. 17: Had Plaintiff worked for RSI for the duration of her contract, RSI would have contributed an additional $50,000 to her 401(k) by June 30, 2016.

REQUEST NO. 18: Plaintiff was eligible for the FMLA's protections as an employee of RSI.

REQUEST NO. 19: Plaintiff was entitled to leave under the FMLA as an employee of RSI.

REQUEST NO. 20: Plaintiff provided sufficient notice of her intent to take FMLA leave.

REQUEST NO. 21: At all times relevant hereto, Fitch controlled, in while or in part, Plaintiff's ability to take a leave of absence and return to her position.

REQUEST NO. 22: At all times relevant hereto, Fitch was capable of impeding or denying Plaintiff's ability to exercise her statutorily protected right to leave under the FMLA.

REQUEST NO. 23: RSI affirmatively represented to Plaintiff that she was eligible for leave under the FMLA.

REQUEST NO. 24: RSI initially granted Plaintiff intermittent FMLA leave.

REQUEST NO. 25: Plaintiff did not voluntarily resign her employment with RSI.

REQUEST NO. 26: Defendants took a materially adverse action against Plaintiff by terminating her employment on November 24, 2015.

REQUEST NO. 27: Fitch terminated Plaintiff because she exercised her FMLA rights.

REQUEST NO. 28: RSI terminated Plaintiff because she exercised her FMLA rights.

REQUEST NO. 29: RSI has not paid Plaintiff her monthly salary or other benefits since it terminated her employment.

Dated this 3rd day of January, 2017.

_____
Nicholas M. McLeod, SBN: 1057988
Attorneys for Plaintiff

Alan C. Olson & Associates, S.C.
2880 S. Moorland Rd.
New Berlin, WI 53151
Telephone: (262) 785-9606
Fax: (262) 785-1324
Email: NMcLeod@Employee-Advocates.com