UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PATRICIA CAPREZ,

    Plaintiff,

v.                                        Case No. 16-C-735

RIGHT STEP, INC.,
REBECCA FITCH,

    Defendants.

COURT MINUTES
HONORABLE CHARLES N. CLEVERT, JR., PRESIDING

| | |
|---|---|
| Date: | March 31, 2017 |
| Proceeding: | Hearing on Motion to Compel |
| Start Time: | 10:00 a.m.    End Time:    10:17 a.m. |
| | 10:48 a.m.                       11:00 a.m. |
| Law Clerk: | Margo Kirchner    Court Reporter:    None; no FTR |
| Appearances: | P: Nicholas McLeod, Alan Olson |
| | D: Patrick Brennan |
| Disposition: | Court grants motion to compel [15] insofar as defendant is barred from calling any witnesses that were not timely disclosed and must pay plaintiff's costs of filing the motion to compel. Defense counsel (not client) is to pay such costs. Plaintiff's counsel is directed to itemize services provided regarding the motion to compel. |
| | Discovery is extended to May 1, 2017, to allow plaintiff additional time to pursue information disclosed at today's deposition. The dispositive motion deadline is extended to June 1, 2017. |
| | Other requests for relief in the motion to compel are denied. |

Case is transmitted to the clerk's office for reassignment to another judge.

Notes: Court asks for parties to address the pending motion to compel.

P: Documents and responses to interrogatories and admissions have been produced, but they were late. Initial disclosures have not been provided regarding defense witnesses. P wants a court order that the requests for admission are deemed admitted, Ds cannot use any information that has not been disclosed, and Ds cannot call any witnesses other than defendant. P also wants costs/fees and an extension of the deadline for dispositive motions.

Ds: Ds forwarded some responses to P on February 24 and hand delivered other responses on March 3. Counsel acknowledges that they were weeks late and accepts blame for that (i.e., it was his, not his client's, fault). Regarding other disclosures, he will furnish those by the close of business on Monday (April 3). Ds contend that there has been no prejudice to P, as 99% of items have been produced.

P: Discovery already has closed; initial disclosures were due in October.

Court asks about witnesses that would be disclosed. Ds respond that fewer than 6.

Court directs parties to talk about those witnesses and what they would say, then call the court back in 30 minutes.

After break, P points out that the responses that were dated February 24 were not received by P counsel until March 7. Notes that Ds have identified four witnesses as potential or possible, but it is difficult for P to determine based on what was discussed during the break whether P should spend the money to depose them. Witnesses could include the principal and board president of the school and the accountant. P asks court to bar Ds from calling these witnesses.

Ds argue that these witnesses have been known to P and that P has already indicated that based on today's deposition counsel will need other discovery.

P indicates that the reason for the request to extend discovery is due only to Ds' delays and that Fitch's deposition today was not taken

earlier because P did not have pertinent documents to use at deposition. The documents were requested on January 3.

Court grants P's motion in part, barring Ds' use of witnesses who were not timely disclosed. Other than the bar on witnesses, costs of the motion, and extension of deadlines, more sanctions would be excessive. The court will extend discovery for 30 days to allow P additional time to use information learned at today's deposition.

Court asks for estimate on time expended in filing the motion to compel. P counsel estimates 5 hours. Court directs P counsel to itemize services. Ds counsel to personally bear the costs. Schedule for discovery and motions is adjusted.

Court comments that this is his last hearing before retirement and the case will be reassigned. Attorney Olson comments regarding appearing before the court and appreciating the court's service.

3